IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN PATRICK REILLY,

    Plaintiff,

vs.                              Case No. 4:12cv304-RH/CAS

LARRY CAMPBELL,
and LUIS MORENO, et al.,

    Defendants.

                                  /

## REPORT AND RECOMMENDATION

After Defendant Larry Campbell filed an answer with affirmative defenses, doc. 20, to Plaintiff's third amended complaint, doc. 8, an Initial Scheduling Order was entered on January 7, 2013. Doc. 22. Service has not been carried out on Defendant Moreno. *See* docs. 16, 19.

Plaintiff has now filed a motion for leave to amend his complaint and add the Leon County Board of County Commissioners as a Defendant in this action. Doc. 23. Plaintiff simultaneously submitted the proposed amended complaint with the motion. *Id.* Defendant Campbell has filed a response in opposition to Plaintiff's motion. Doc. 25. Beyond the procedural arguments, Defendant Campbell contends that the

proposed fourth amended complaint "does not include any allegations to support a claim against the Leon County Board of County Commissioners." *Id.* at 2.

As correctly noted by Defendant Campbell, doc. 25 at 3, there is only one paragraph directed towards the additional proposed Defendant County Board. In paragraph six Plaintiff alleges: "Plaintiff sues Defendant Leon County Board of County Commissioners in its municipal capacity for the deprivation of his First and Fourteenth Amendment rights as a result of an official policy or custom." Doc. 23, Attachment, p. 9. Plaintiff provides no facts which specifically identify a policy or custom, nor does he provide facts which show a causal connection to his alleged harm by the policy. Moreover, in paragraph one of the complaint, Plaintiff alleges that he sues Defendant Campbell "in his individual and official capacity for acting under color of state law when he implemented the Jail policy that permits pro se inmates to only research or receive legal materials pertinent to their specific criminal charges relevant to their current incarceration." *Id.*

Inasmuch as Plaintiff has already named Defendant Campbell as the official responsible for a specific and allegedly unconstitutional policy, and because Plaintiff is explicitly suing that official in his "official capacity," any claim against the County is duplicative and superfluous, and should be dismissed. Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999). "A suit against a defendant in his or her official capacity as an employee of a governmental entity is duplicative of a suit against that governmental entity." Lyles v. Osceola County, 2012 WL 4052258, at *4 (Sept. 13, 2012), *citing to* Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). Futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004). When an amended complaint fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend. Smith v. Secretary For Dept. of Corrections, 2007 WL 3089531, *2 (11th Cir., Oct. 24 2007).

The decision of whether to allow a Plaintiff to join additional defendants is also left to the discretion of the district court. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

In this case, Plaintiff's allegations demonstrate that he seeks to hold both the County Board of Commissioners and the Sheriff liable for the same policy, although his allegations against the County fail to specifically identify the policy or provide a causal connection to his alleged injury. Because this claim is redundant, it should be denied as futile and Plaintiff's motion to amend the complaint, doc. 23, be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to amend his complaint and add a defendant, doc. 23, be **DENIED** and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 30, 2013.


   S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**